# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————————

m 00-10438
Summary Calendar

————————————


WILLIE BRACKENS AND VIRLEY BRACKENS,

Plaintiffs-Appellants,

VERSUS

ENNIS STATE BANK;
BRAMLET BEARD,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
PAT BEARD,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
GEORGIE RICHARDSON,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
JACQUIE RICE,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
AND
DOROTHY HOLT,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY,

Defendants-Appellees.


————————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-308-L)

————————————————

March 12, 2001

Before SMITH, BENAVIDES,
 and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

I.

Willie Brackens, a black female, was fired from her job at Ennis State Bank ("ESB").[1] During her tenure there, she performed her work too slowly, made numerous errors, and received multiple warnings for conducting too much personal business during the work day and for excessive absences. She requested and received two extended medical leaves, exhausting her paid vacation. Upon her return, ESB filled her position with another employee and moved her to a bookkeeping position with identical salary and benefits. Brackens then filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), claiming she had been transferred because of her race and disability.

After six months in the bookkeeping department, Brackens refused to participate in a drawing to determine the order of a new shift rotation. She called the employee administering the draw "the Devil" and a "fake Christian," then left work for the rest of the day. ESB suspended her without pay for three days, then fired her.

II.

Brackens and her husband sued, claiming, *inter alia,* race discrimination, retaliation, loss of consortium, misrepresentation, and intentional infliction of emotional distress ("i.i.e.d.").[2] The court granted summary judgment on all claims. Brackens appeals, claiming error in the failure to allow her to amend her complaint and averring that questions of material fact prevented summary judgment. Finding no error, we affirm.

III.

The Brackenses believe the court erred in refusing their request to amend their complaint to include a "breach of oral contract." We review the denial of a motion to amend for abuse of discretion. *Whitmire v. Victus Ltd.,* 212 F.3d 885, 887 (5th Cir. 2000).[3]

The proposed amended complaint asserted, in essence, that ESB had created a contract with Willie Brackens through her reliance on its promises and that ESB breached that contract by firing her without cause. Brackens appears to have raised a claim of promissory estoppel, though she has not used that term. We construe pleadings liberally "to do substantial justice," FED. R. CIV. P. 8(f), and we do not require technical forms of pleading or motions. Rule 8(e)(1).

A.

By its terms, rule 15(a) allows a plaintiff to amend a complaint after a responsive pleading has been served by written consent of the adverse party or by leave of the court "when

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We use "Ennis State Bank" to refer to Ennis State Bank, Bramlet Beard, Pat Beard, Georgie Richardson, Dorothy Holt, and Jacquie Rice collectively.

[2] Virley Brackens does not appeal the summary judgment on the loss of consortium claim.

[3] *See also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331-32 (1971).

justice so requires."[4] This rule "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, that discretion is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir. 1989) (dictum). In discerning the presence of said "substantial reason," the court may consider such factors as "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.,* 88 F.3d 311, 314-15 (5th Cir. 1996)). A denial "without any justifying reason," however, "is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Lowery v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The court deemed the Brackenses' motion futile because it was "without merit." We have interpreted "futility" in this context "to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000).[5] Thus, in determining futility, we apply "the same standard of legal sufficiency as applies under Rule 12(b)(6),"*id.*SS"whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (internal quotations omitted).

B.

We look to state law for principles of contract interpretation. *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.,* 88 F.3d 347, 352 (5th Cir. 1996). "The longstanding rule in Texas provides for employment-at-will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary." *Ronnie Loper Chevrolet-Geo, Inc. v. Hagey,* 999 S.W.2d 81, 83 (Tex. App.SSHouston [14th Dist.] 1999, no pet.). The doctrine of promissory estoppel, however, allows reliance on statements by an employer to surmount the presumption of at-will employment. *See Patterson v. Leal,* 942 S.W.2d 692, 694 (Tex. App.SSCorpus Christi, 1997, writ denied).

Regardless of the merits of Brackens's claim, she theoretically could prove some set of facts demonstrating that she relied on some ESB promise to her detriment. The district court "may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[4] Rule 15(a) states in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

[5] *See also Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation . . . .").

3

relief." *Stripling, id.*

The theoretical possibility of presenting facts to support Brackens's promissory estoppel theory does not end the analysis. "In order to avoid dismissal for failure to state a claim, however, [Brackens] must plead specific facts, not mere conclusory allegations . . . . We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations omitted).

The proposed amended complaint states only that Brackens had a contract with ESB that could be completed in one year, that she relied on ESB's representations in deciding to accept employment, and that she was damaged. She alleges no facts in support of these allegations.[6] "[C]onclusory allegations

---

[6] The relevant portion of the proposed amended complaint reads as follows:

38. Plaintiff Willie Brackens had a contract will [sic] defendant Ennis State Bank that could be completed in one year. All duties and responsibilities were of such a nature that the functions were able to be performed on a yearly basis.

39. Plaintiff was told of the opportunities at Ennis State Bank and relied on the representation of the agents of Ennis State Bank in interviews and in subsequent reviews in making the decision to accept and continue employment with Ennis State Bank.

40. Plaintiff received an audit report from the Texas Workforce Commission that states plaintiff Willie Brackens should not

(continued...)

or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" or, by extension, a denial of a motion for leave to amend. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

Brackens has alleged merely the legal elements of a promissory estoppel claim; she has not pled, with sufficient particularity, the facts to support these elements. Thus, even under the liberal 12(b)(6) standard, her claim would not have survived dismissal. Therefore, the claim was futile, and the court did not err in refusing to grant leave to amend.

## IV.

The Brackenses contend that the court erroneously granted summary judgment on their claims of race discrimination, retaliation, misrepresentation, and i.i.e.d. We review a summary judgment *de novo,* applying the same standards as did the district court. *Uniroyal Chem. Co. v. Deltech Corp.*, 160 F.3d 238,

---

[6](...continued)
have been terminated from her job because there was [sic] no violations of the rules and policies. Plaintiff Willie Brackens was harassed, tormented and subjected to cruel and unusual treatment by co-workers.

41. Plaintiff Willie Brackens was damaged due to the reliance on the misrepresentations of the agents of Ennis State Bank. Plaintiff gave up opportunities with other Bank employers to agree to come to Ennis State Bank for non existent [sic] opportunities.

The complaint fails to state the terms of the supposed oral contract, the representations Brackens believes ESB made to her (either personally or through stated company policy), or her foregone opportunities.

241 (5th Cir. 1998). A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). We must view all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986).

A.

The Brackenses contend that the district court erred in granting summary judgment on her claim of race discrimination under 42 U.S.C. § 1981. Brackens must show four elements to establish a *prima facie* case of employment discrimination under title VII: (1) that she is a member of a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment action; and (4) that similarly situated employees not in the protected class were treated differently under nearly identical circumstances. *Rutherford v. Harris County,* 197 F.3d 173, 184 (5th Cir. 1999).[7] This standard also applies to cases brought under § 1981. *See Chaline v. KCOH, Inc.,* 693 F.2d 477, 479 (5th Cir. 1982).

Brackens established a *prima facie* case.

She is black and therefore a member of a protected class, and she was terminated, an adverse employment action. The employee with whom she had the altercation triggering her suspension and termination was not disciplined. Thus, the burden shifted to ESB to "'produc[e] evidence [of] . . . a legitimate, nondiscriminatory reason'" for her termination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, ___, 120 S. Ct. 2097, 2106 (2000) (quoting *Burdine,* 450 U.S. at 254).[8]

ESB produced evidence that it terminated Brackens for her uncooperative behavior toward her co-worker and for calling her "the Devil" and a "fake Christian." Brackens then bore the burden to show that ESB's articulated reason for the employment decision was pretextual. *Id.*; *Burdine,* 450 U.S. at 253; *McDonnell Douglas,* 411 U.S. at 804.

The district court concluded that Brackens "utterly failed" to present such evidence and that she "merely testifie[d] to her subjective belief that she was terminated due to her race through conclusory statements that her termination 'was because I was black,' and that the 'entire City of Ennis is racist.'" Brackens's subjective beliefs do not present genuine issues of material fact sufficient to survive summary judgment.[9]

---

[7] *See also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515 (1993); *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253-56 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973).

[8] *See also McDonnell Douglas,* 411 U.S. at 802.

[9] *See Duffy v. Leading Edge Prods. Inc.,* 44 F.3d 308, 312 (5th Cir. 1995) ("[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment."); *Waggoner v. City of Garland,* 987 F.2d 1160, 1164 (5th Cir. 1993) (observing that subjective beliefs alone cannot establish a claim of (continued...)

5

Brackens argues that because the event precipitating her suspension and termination "was investigated without affording Ms. Brackens due process to state her case" and because the timing of the discharge "came just days after Willie Brackens had been subjected to a hostile work environment and had been harassed by senior and fellow employees," a trier of fact might find for the Brackenses. Both facts, even when construed most favorably to Ms. Brackens, are immaterial. To settle grievances, private parties need not satisfy the constitutional requirements of due process. *See, e.g., Bures v. Houston Symphony Soc'y*, 503 F.2d 842, 843 (5th Cir. 1974). Thus, its presence or absence has no bearing on this case.

The timing of the discharge also has little relevance, because Brackens has not alleged facts that connect her strained working relationships with a discriminatory motive. Indeed, she admits making the statements for which ESB says she was fired. Thus, the Brackenses failed to present evidence that the articulated reason for firing was pretextual. The district court did not err in granting summary judgment for ESB on this issue.

### B.

Brackens contends the district court erred in granting summary judgment on her title VII claim that she was terminated in retaliation for filing with the EEOC. The analysis of a retaliation claim resembles that of the discrimination claim above.

Once Brackens establishes a *prima facie* case, the burden shifts to ESB to articulate a legitimate, non-retaliatory reason for the ac-

tion. *Long v. Eastfield College,* 88 F.3d 300, 308 (5th Cir. 1996); *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir. 1992). To establish a *prima facie* case of retaliation, Brackens must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the employment action. *E.g., Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir. 1997); *Shirley,* 970 F.2d at 42.

The parties do not dispute that Brackens engaged in a protected activity or that she suffered an adverse employment action within the meaning of title VII. To demonstrate causal connection, Brackens proffers her belief that she verbally accosted a co-worker rather than a supervisor, a diagnosis that she had post traumatic stress disorder while at ESB, the bank president's suggestion that her work performance was very good, and the fact that only she was disciplined after the incident that triggered her termination.

None of these facts remotely connects her termination with her EEOC filing. Thus, she did not meet her burden of production, so the court did not err in granting summary judgment on the retaliation claim.

### C.

The Brackenses contend that the district court erred in granting summary judgment on their intentional misrepresentation claim.[10] To

[9](...continued)
discrimination).

[10] The court correctly found that because Brackens testified that only Richardson and Rice had made misrepresentations to her, the Brackenses' claims of misrepresentation against Bramlet Beard, Pat Beard, and Dorothy Holt must fail, because a material representation is an essential el-
(continued...)

support this tort claim, Brackens must show that (1) a material representation was made; (2) it was false; (3) the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made it with the intention that it should be acted upon by the party; (5) the party acted in reliance upon it; and (6) the party thereby suffered injury.[11]

In district court, Brackens alleged that Richardson and Rice made three misrepresentations during her job interview: (1) that employees normally get a raise after a year of employment; (2) that ESB would be flexible with respect to school issues and illnesses; and (3) that competent employees would have opportunities to advance. In addition, Brackens believed that her sick leave was "secretly held against" her. On appeal, she claims that ESB president Bramlet Beard cited excessive absences as a partial reason for her termination, yet she believes all leave was approved and that Beard did not indicate that her job was at stake.

Even taking all of Brackens's statements as true, her claim fails as a matter of law. First, the statements regarding a raise and advancement merely explained the normal course of events, contingent on her performance. "There is nothing wrong with assuring a potential employee that he will advance if he performs well and then refusing to advance him if he does not." *DeSantis v. Wackenhut Corp.,* 732 S.W.2d 29, 38 (Tex. App.SSHouston [14th Dist.] 1987), *aff'd in part, rev'd in part on other grounds,* 793 S.W.2d 670 (Tex. 1990). These representations were not definite promises, so even if Brackens did rely on them to her detriment, she cannot prevail.[12]

Second, Brackens admitted in deposition that ESB allowed her to leave work to take care of her children "the same as any other employee." Thus, by her own admission, ESB did not misrepresent to her its willingness to be flexible. Brackens alleges that Beard "made representations that suggested her job was not at risk," yet he cited excessive absences as a reason for her termination. She does not say, however, whether these representation occurred before or after she had exhausted her leave. Moreover, she has alleged no facts that indicate that Beard's comments, whatever they may have been, were more than vague assurances.

Therefore, Brackens failed to provide evidence of *any* definite representation, correct or otherwise. Without evidence of a specific

---

[10](...continued)
ement of the claim. *See Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997). On appeal, the Brackenses do not distinguish among these defendants.

Moreover, at trial the Brackenses presented claims for both negligent and intentional misrepresentation. Although they do not distinguish the two on appeal, their argument covers only issues related to intentional misrepresentation.

[11] *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 501 n.7 (5th Cir. 2000); *Ins. Co. of N. Am. v. Morris,* 981 S.W.2d 667, 674 (Tex. 1998); *Green Int'l,* 951 S.W.2d at 390.

[12] *See Gilmartin v. KVTV—Channel 13,* 985 S.W.2d 553, 558 (Tex. 1998) (explaining that detrimental reliance on a promise may establish a fraud claim only when the plaintiff reasonably and justifiably relies on a definite promise, not vague assurances).

material representation, we need not reach the other five elements of the standard. The court correctly granted summary judgment on this claim.

### D.

Brackens contends the court erred in granting summary judgment on her Texas law claim for i.i.e.d. She must establish four elements: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused emotional distress; and (4) the emotional distress was severe. *Hirras v. Nat'l R.R. Passenger Corp.,* 95 F.3d 396, 400 (5th Cir. 1996). "[T]he level of atrociousness to which [the behavior] must [rise] is quite high. Simply put, it must exceed all possible bounds of decency and be utterly intolerable in a civilized society." *Skidmore v. Precision Printing & Packaging, Inc.,* 188 F.3d 606, 613 (5th Cir. 1999) (quoting *Franklin v. Enserch, Inc.,* 961 S.W.2d 704, 710 (Tex. App.SSAmarillo 1998, no writ)).

Brackens alleged that ESB employees caused her distress because they accused her of taking too much sick leave, working slowly and inaccurately, and using company time for personal business. Ordinary employment disputes are not adequate to support i.i.e.d. claims. *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 913 (5th Cir. 2000). Brackens offers no evidence that ESB's conduct was anything more.

Further, although Brackens notes on appeal that she was diagnosed with post traumatic stress disorder and was placed on medication and therapy, she utterly fails to draw any connection between this emotional strain and any action traceable to ESB. Thus, the court did not err in granting summary judgment on this claim.

AFFIRMED.[13]

---

[13] We decline ESB's suggestion that we impose sanctions for frivolous appeal under FED. R. APP. P. 38.

8